IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REFUGIO WILLIS VILLAREAL<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:23-cv-369 |
| | § | |
| NATIONWIDE AGRIBUSINESS<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Agribusiness Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Refugio Willis Villareal v. Nationwide Agribusiness Insurance Company*; Cause No. 4566; In Grimes County Court, TX.

## I.
## BACKGROUND

1. Plaintiff Refugio Willis Villareal (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 4566; In Grimes County Court, Texas on August 26, 2022 (the "State Court Action").[1]

2. Defendant appeared and answered on September 23, 2022, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to 28 U.S.C. § 1447(b), a full copy of the state court file has been requested and will be filed upon receipt.

---

[1] *See* Plaintiff's Original Petition with Citation, attached as Exhibit A.

[2] *See* Defendant's Original Answer, attached as Exhibit B.

4. Pursuant to Local Rule 81(4), the State Court Action docket sheet is attached as Exhibit C to this Notice of Removal.

5. Pursuant to Local Rule 81(5), an index of all matters being filed with this Notice of Removal will be filed contemporaneous with this Notice of Removal.

6. Pursuant to Local Rule 81(6), a list of all counsel of record will be filed contemporaneous with this Notice of Removal.

7. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the Grimes County Court.

8. The case stated by the initial pleading was not removable. In this situation, 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be timely filed within thirty days after receipt by the defendant, through service or otherwise, of a[n] . . . other paper from with it may be first ascertained that the case is one which is or has become removable."[3] Responses to discovery "shall be treated as an 'other paper' under subsection (b)(3)."[4] This Notice of Removal is being filed within thirty (30) days of receipt of Plaintiff's written discovery responses which first establish that this suit is removable based on diversity jurisdiction.

9. Accordingly, pursuant to 28 USC §§ 1446(b)(3) and 1446(c)(1),(3) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Responses to Defendant's First Set of Interrogatories[5] and less than one year after the commencement of this action.

---

[3] 28 U.S.C. § 1446(b)(3).

[4] 28 U.S.C. § 1446(c)(3)(A).

[5] Plaintiff's Responses to Defendant's First Set of Interrogatories were served on Defendant on January 17, 2023, attached as Exhibit D.

## II.
## JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A. Diversity of Parties**

11. Plaintiff Refugio Willis Villareal is an individual domiciled in the State of Texas.[6] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

12. Defendant Nationwide Agribusiness Insurance Company is a corporation organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Iowa.

13. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

14. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[7] Plaintiff's Original Petition alleged that Plaintiff sought "monetary relief of $250,000 or less, excluding interest."[8] Thus, Plaintiff's Original Petition did not render this

---

[6] *See* Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 1.

[7] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[8] *See* Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 4.

case removable because it was not "facially apparent" from the petition that the claims asserted exceed the jurisdictional amount.[9]

15. If a case is not removable based upon the allegations of an original pleading, a court may also consider "summary-judgment-type evidence" to determine whether the amount in controversy requirement is met.[10] Here, on January 17, 2023, Plaintiff served his responses to Nationwide's first set of interrogatories.[11] Interrogatory Number 3 asked "Please identify the reasonable cost to replace the damaged elements of the Property at issue in this suit, including in your response both the replacement cost value and actual cash value."[12] In response, Plaintiff stated the following:

> The pool proposal received from Water Project Pools included the following costs:
> - Completion Total Pool Equipment $15,836.00 + Tax
> - Completion Total for Expansion Joint $2,800.00 + Tax
> - Completion Total Regrouting waterfall $12,570.00 + Tax
> - Completion total re-grouting sidewalk $16,200.00 + Tax
> - Plaster Completion Total $39,850.00 + Tax
>
> **Total cost of Pool Repairs: $87,256.00 + Tax**
>
> **The Estimate from Brian Batten Construction for repair of mortar joints was $2,735.00 plus tax.**
>
> The Estimate received from Jorge Garcia Roofing included the following costs: Repalcement screws, long life screws, labor, and materials: **$7,500.00**
>
> **Total cost of repairs and replacement for swimming pool, mortar joints, and roof: $97,491.00 plus tax.**[13]

---

[9] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[10] *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[11] *See* Exhibit D, Plaintiffs' Responses to Nationwide's First Set of Interrogatories.

[12] *Id.* at Interrogatory No. 3, pp. 3-4.

[13] *Id.* (emphasis in original).

16. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[14] Plaintiff's response to Interrogatory Number 10 makes clear that he seeks in excess of $75,000 in this case since the total of his itemized damage model equals $97,491.00.[15] Further, Plaintiff's Original Petition indicates Plaintiff seeks damages for: "1) actual damages; 2) prejudgment and post-judgment interest; 3) attorney's fees; [and] costs of court."[16] The threshold for diversity jurisdiction, $75,000, is therefore met by the evidence and allegations set forth in Plaintiff's response to Defendant's Interrogatory No. 3[17] and the allegations in Plaintiff's Original Petition.

17. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

18. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19. WHEREFORE, Defendant Nationwide Agribusiness Insurance Company hereby provides notice that this action is duly removed.

---

[14] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[15] *See Ives v. Kroger Tex. L.P.*, No. 4:17-cv-00011-O-BP, 2017 U.S. Dist. LEXIS 54419, at *5 - *6 (N.D. Tex. March 17, 2017) *adopted by Ives v. Kroger Tex L.P.*, No. 4:17-cv-00011-O-BP, 2017 U.S. Dist. LEXIS 53534 (N.D. Tex. April 7, 2017) (considering a plaintiff's discovery responses to be "other paper," approving the use of discovery responses to establish the amount in controversy and denying the plaintiff's motion to remand).

[16] Exhibit A, Plaintiff's Original Petition, at § XII – Prayer.

[17] *See Consumer Credit Counseling Serv. v. OneBeacon Lloyd's*, No. SA-06-CA-307-OG, 2006 U.S. Dist. LEXIS 70331 (W.D. Tex. Aug. 21, 2006) (denying a plaintiff's motion to remand when discovery responses demonstrated that the incurred "defense costs" in an underlying case coupled with the settlement of an underlying case exceeded $75,000).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE AGRIBUSINESS INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 2nd day of February, 2023 to:

Nicholas A. Dupre                           *#9414 7266 9904 2178 2287 48*
Stanfield & Dupre, PLLC
1095 Evergreen Circle, Suite 200-408
The Woodlands, Texas 77380
nick@stanfielddupre.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp